UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THREE THOUSAND NINE HUNDRED EIGHTY
DOLLARS ($3,980.00) IN U.S. CURRENCY, ONE (1)
2010 CHEVROLET CAMERO, VIN: 2G1FT1EW7A9175253,
ONE (1) 2011 JEEP GRAND CHEROKEE,
VIN: 1J4RR6GT0BC512451, ONE (1) STEVEN FAVORITE
.22 LONG RIFLE, NO SERIAL NUMBER, ONE (1) RUGER
MINI 14 RIFLE 223, SERIAL NUMBER: 187-57498,
ONE (1) MARLIN .22 RIFLE, SERIAL NUMBER:
01272133, ONE (1) RUGER, MODEL RED HAWK, .44
MAGNUM REVOLVER, SERIAL NUMBER:
500-02246; ONE (1) DAN WESSON .357 REVOLVER,
SERIAL NUMBER: 280639; ONE (1) REMINGTON
MODEL 1100, 12 GAUGE SHOT GUN, SERIAL NUMBER:
476339V; ONE (1) RUGER MINI 30 RIFLE 762, SERIAL
NUMBER:196-52988; and REAL PROPERTY LOCATED
AT 20277 IDA CENTER ROAD, PETERSBURG, MONROE
COUNTY, MICHIGAN, INCLUDING ALL BUILDINGS
FIXTURES, IMPROVEMENTS, AND  APPURTENANCES,

        Defendants,

and

MARILYN HUNT, SHARON DUVAL, TRACEY DUVAL,
GERALD DUVAL, JR., GERALD DUVAL, SR., and
ALLY FINANCIAL, INC.,

        Claimants.

Case Number 11-14848
Honorable David M. Lawson

_____/

**ORDER ENJOINING REMOVAL OR ALTERATION**
**OF BUILDINGS, FIXTURES, IMPROVEMENTS, AND APPURTENANCES**
**ON THE PREMISES LOCATED AT 20277 IDA CENTER ROAD,**
**PETERSBURG, MONROE COUNTY, MICHIGAN**

On March 13, 2013, the government filed an emergency *ex parte* motion for a restraining order regarding the real property located at 20277 Ida Center Road, Petersburg, Monroe County, Michigan. According to a declaration attached to the motion, on March 12, 2013, Monroe County Sheriff's Deputy Ian Glick went to the property and while on a public roadway saw that one of two large greenhouses located there had been taken down, and "a single person wearing a red jacket or hoodie [was] loading [greenhouse parts] onto [a] flatbed trailer." Deputy Glick further stated that he had personal knowledge of the property because he entered it in January 2013 under a writ of entry signed by this Court, in order to accompany United States Marshals sent to inventory and appraise the contents of the property. Deputy Glick stated that the greenhouses were standing and intact on the property when last he visited.

The government asked that the Court enter an order enjoining further disassembly or removal of the greenhouses, because they are fixtures or improvements of the real property, and thus are subject to forfeiture under 18 U.S.C. § 881(a)(7). Under 18 U.S.C. § 983(j)(1)(A), this Court has the authority "[u]pon application of the United States [to] enter a restraining order or injunction [to] preserve the availability of property subject to civil forfeiture."

On March 13, 2013, the Court entered a temporary restraining order enjoining any removal or alteration of buildings and fixtures on the property and ordering the claimants to appear and show cause why the TRO should not be converted to a preliminary injunction. The Court held a show cause hearing on March 21, 2013, and at the end of that hearing announced from the bench its decision to convert the TRO to a preliminary injunction.

Accordingly and for the reasons stated on the record, it is **ORDERED** that the claimants and any persons acting in concert with them or on behalf of them who received actual notice of the civil

forfeiture proceedings in this matter **ARE RESTRAINED AND ENJOINED** from proceeding with any removal, dismantling, disposal, sale, alienation, or any other act of alteration, destruction, or disposition of any buildings, fixtures, improvements, or appurtenances of the real property located at 20277 Ida Center Road, Petersburg, Monroe County, Michigan, including the large greenhouses located there.

It is further **ORDERED** that the claimants and any persons acting in concert with them or on behalf of them who received actual notice of the civil forfeiture proceedings in this matter must immediately return to the premises at 20277 Ida Center Road, Petersburg, Monroe County, Michigan any buildings, fixtures, improvements, or appurtenances of that real property, and any parts or contents thereof, which are now in the possession of any of those persons. No such property shall be hypothecated, alienated or placed beyond the jurisdiction of the Court in any manner.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 22, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL