UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THREE THOUSAND NINE HUNDRED EIGHTY
DOLLARS ($3,980.00) IN U.S. CURRENCY, ONE (1)
2010 CHEVROLET CAMERO, VIN: 2G1FT1EW7A9175253,
ONE (1) 2011 JEEP GRAND CHEROKEE,
VIN: 1J4RR6GT0BC512451, ONE (1) STEVEN FAVORITE
.22 LONG RIFLE, NO SERIAL NUMBER, ONE (1) RUGER
MINI 14 RIFLE 223, SERIAL NUMBER: 187-57498,
ONE (1) MARLIN .22 RIFLE, SERIAL NUMBER:
01272133, ONE (1) RUGER, MODEL RED HAWK, .44
MAGNUM REVOLVER, SERIAL NUMBER:
500-02246; ONE (1) DAN WESSON .357 REVOLVER,
SERIAL NUMBER: 280639; ONE (1) REMINGTON
MODEL 1100, 12 GAUGE SHOT GUN, SERIAL NUMBER:
476339V; ONE (1) RUGER MINI 30 RIFLE 762, SERIAL
NUMBER:196-52988; and REAL PROPERTY LOCATED
AT 20277 IDA CENTER ROAD, PETERSBURG, MONROE
COUNTY, MICHIGAN, INCLUDING ALL BUILDINGS
FIXTURES, IMPROVEMENTS, AND APPURTENANCES,

        Defendants,

and

MARILYN HUNT, SHARON DUVAL, TRACEY DUVAL,
GERALD DUVAL, JR., GERALD DUVAL, SR., and
ALLY FINANCIAL, INC.,

        Claimants.

Case Number 11-14848
Honorable David M. Lawson

_____/

**ORDER GRANTING MOTION TO STRIKE CLAIMS AND ANSWERS
OF ALL REMAINING CLAIMANTS AND FOR ENTRY OF DEFAULT
JUDGMENT AND FINAL ORDER OF FORFEITURE**

This matter is before the Court on the government's motion to strike the claims and answers of all the remaining claimants and for entry of a default judgment and final order of forfeiture.

The government filed its complaint for forfeiture on November 3, 2011. The complaint alleges that the currency, guns, and vehicles named as defendants *in rem* were seized during drug raids at the subject real property, 20277 Ida Center Road, in Petersburg, Michigan, that took place in June and August 2011. Based on evidence uncovered during those raids, on April 20, 2011, a jury found claimant Gerald Duval, Jr. guilty of manufacturing and conspiring to manufacture more than 100 marijuana plants, 21 U.S.C. § 846, 841(a)(1); maintaining a drug premises, 21 U.S.C. § 856(a)(1); possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c); and possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g)(1). *United States v. Duval*, 11-20594 (E.D. Mich. Apr. 20, 2012).

The complaint alleges that the guns and vehicles are subject to forfeiture under 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(11), because they were possessed, used, or intended to be used in furtherance of a drug crime. The complaint alleges that the $3,980 in U.S. currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), because it is money that was furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds traceable to such an exchange. The complaint alleges that the real property at 20277 Ida Center Road is subject to forfeiture under 21 U.S.C. § 881(a)(7), because it was used as a drug premises. Copies of the complaint for forfeiture were served on claimants Gerald Duval, Jr., Gerald Duval, Sr., Sharon J. Duval, Tracey Duval, and Marilyn Hunt on November 17, 2011. Declaration of Gjon Juncaj [dkt. #46] at 3-5. According to the government's declaration filed in support of its prior motion for default judgment:

> Pursuant to Rule G(4) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, A Notice of Civil Forfeiture was published on the official government internet site www.forfeiture.gov, for at least 30 consecutive days beginning November 21, 2011, as required by Rule G(4)(a)(iv)(C), directing that any person claiming an interest in the defendant[s] in rem file a verified claim within sixty (60) days after the first date of publication, and . . . file an answer to the complaint within twenty-one (21) days thereafter, pursuant to Rules G(4)(b)(ii)(B) and (C). A Declaration of Publication was filed with the Court on January 24, 2012.

*Id.* at 7. No claims were filed as to the guns or currency, and the time for doing so has long since passed. Moreover, no party has filed any answer to the complaint on behalf of these defendants *in rem*, and the time for doing so likewise has long since expired.

On February 17, 2012, the Court stayed the matter pending the resolution of the criminal charges against claimant Gerald Duval, Jr. After the criminal matter was resolved, the Court ordered all of the claimants to respond to the government's written discovery requests on or before March 25, 2013. The claimants failed to do so, and at an April 15, 2013 hearing in this matter the Court advised two of the claimants, Gerald Duval, Jr. and Tracey Duval, that "[i]f the discovery responses have not been furnished by May 20th . . . the Court may consider a request to dismiss the claims and enter judgment for the Government under the circumstances." Hr'g Tr. Apr. 15, 2013 [dkt. #71] at 11. The government's motion asserts that the claimants never responded to the written discovery requests. No party has filed any response to the government's motion, and the time for doing so has passed. The Court therefore finds that it is appropriate under the circumstances to strike the claims and answers of the remaining claimants and enter judgment by default in favor of the government as to all property at issue in this matter. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Because the answers of the claimants will be stricken, the Court must accept as true all of the well pleaded and now uncontested allegations of the complaint. Fed. R. Civ. P. 8(b)(6); *Trice v. Lake & Country Real Estate*, No. 86-1205, 1987 WL 38852, at *2 (6th Cir. 1987) ("[A] default

judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint.") (quotation marks omitted). Based on the judicial record in this matter and *United States v. Duval*, 11-20594, and the well pleaded allegations of the complaint, the Court finds that all of the property specified in the complaint is subject to forfeiture under federal law. The Court therefore will grant the government's motion and enter a default judgment and final order of forfeiture in favor of the government as to all of the subject property.

Accordingly, it is **ORDERED** that the government's motion to strike the claims and answers of the remaining claimants and for entry of default judgment and a final order of forfeiture [dkt. #72] is **GRANTED**.

It is further **ORDERED** that the claims and answers of claimants Gerald Duval, Jr. [dkt. #25, 35], Gerald Duval, Sr. [dkt. #27, 33], Sharon J. Duval [dkt. #21, 34], Tracey Duval [dkt. #23, 38], and Marilyn Hunt [dkt. #19, 36], are **STRICKEN**.

It is further **ORDERED** that the right, title, and interest of claimants Gerald Duval, Jr., Gerald Duval, Sr., Sharon J. Duval, Tracey Duval, and Marilyn Hunt, and all other persons, in the $3,980 in U.S. currency; 2010 Chevrolet Camero, VIN 2G1FT1EW7A9175253; 2011 Jeep Grand Cherokee, VIN 1J4RR6GT0BC512451; Steven Favorite .22 Long Rifle, No Serial Number; Ruger Mini 14 Rifle 223, Serial Number: 187-57498; Marlin .22 Rifle, Serial Number: 01272133; Ruger, Model Red Hawk, .44 Magnum Revolver, Serial Number: 500-02246; Dan Wesson .357 Revolver, Serial Number: 280639; Remington Model 1100, 12 Gauge Shotgun, Serial Number: 476339V; Ruger Mini 30 Rifle 762, Serial Number: 196-52988; and real property located at 20277 Ida Center Road, Petersburg, Monroe County, Michigan, including all buildings, fixtures, improvements, and appurtenances thereon, is **FORFEITED** to the United States of America. Any right, title, or

ownership interest of the claimants, their successors and assigns, and any interest of any other person in the defendants *in rem* are hereby and forever **EXTINGUISHED** and clear title to said property shall hereby be vested in the United States of America.

It is further **ORDERED** that the United States Marshall Service is **AUTHORIZED** to dispose of the forfeited property as permitted by law.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 2, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2013.

s/Shawntel Jackson
SHAWNTEL JACKSON

---